UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT ALLEN ANSMAN, | ) NO. CV 18-4780-RGK (E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| R. NDOH, | ) |
| Respondent. | ) |

On May 30, 2018, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody." The Petition challenges a 2009 Los Angeles Superior Court conviction. Petitioner previously challenged this same conviction in a prior habeas corpus petition filed in this Court. See Ansman v. McDonald, CV 13-2148-RGK (E). On December 9, 2013, this Court entered Judgment in Ansman v. McDonald, CV 13-2148-RGK (E), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v.

Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Scott Ansman has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court. To the contrary, the docket reflects that the Ninth Circuit denied Petitioner's application to file a second or successive habeas petition in 2017. See Ansman v. Frauenheim, Ninth Circuit Docket No. 16-72344.

2

dismissed without prejudice.[2]

       LET JUDGMENT BE ENTERED ACCORDINGLY.

       DATED: June 1, 2018.

                                  _____
                                     R. GARY KLAUSNER
                               UNITED STATES DISTRICT JUDGE

PRESENTED this 31st day of

May, 2018, by:

        /S/
_____
   CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Ninth Circuit Rule 22-3(a) provides that "if a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." Assuming <u>arguendo</u> that the conflict between 28 U.S.C. section 2244(b) and Rule 22-3(a) does not invalidate the latter, dismissal rather than "reference" still would be appropriate herein. It is apparent that Petitioner submitted the present Petition to this Court intentionally rather than mistakenly.

3